IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ANTHONY MILLS**                                                                    **PLAINTIFF**

**v.**                               **CIVIL ACTION NO.: 5:22-cv-00027-DCB -LGI**

**ADAMS COUNTY MISSISSIPPI,
DANNY BERTRAND, AND ADAMS
COUNTY CHANCERY CLERK**                                          **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court for a report and recommendation on Plaintiff's two Motions to Amend Complaint [5], [6]. *Pro se* Plaintiff filed a Complaint in this action on April 13, 2022. On June 2, 2022, Plaintiff filed a Motion to Amend Complaint [5] seeking to add as defendants Deputy Craig King, Deputy Shannon Fuqua and Concordia Parish Louisiana, and on June 10, 2022, Plaintiff filed a second Motion to Amend Complaint [6], seeking to add Walmart (Store 874) as a defendant to this action. The named-Defendants to the instant action have not yet been served with process, and therefore, no pleadings have been filed in response. The undersigned, having considered the submissions, the record, and relevant law, recommends that the Defendant's motions to amend [5], [6] should be DENIED, as discussed below.

    **I.**     **Background**

In his initial Complaint [1], Plaintiff Anthony Mills ("Plaintiff") brought his claims, *pro se* and *in forma pauperis*, against Defendants Adams County, Mississippi, Danny Bertrand, and Adams County Chancery Clerk, alleging violations of his civil rights under 42 U.S.C. § 1983. Specifically, Plaintiff claims that, on or about March 18, 2022 and/or March 22, 2022 he was "den[ied] access to the courts, via not taking a report stating threats against plaintiff's life, specifically being shot by Danny Bertrand who lives at 27 Whiteout Dr. in Natchez, Mississippi

1

located in Adams County." Doc. [1] at 4. He alleges intentional infliction of emotional distress and seeks $150,000 in punitive damages. On June 2, 2022, Plaintiff filed a Motion to Amend Complaint [5], seeking to add as defendants Deputy Craig King, Deputy Shannon Fuqua and Concordia Parish Louisiana, and on June 10, 2022, Plaintiff filed a second Motion to Amend Complaint [6], seeking to add Walmart (Store 874) as a defendant to this action. The Court considers each motion below.

## **ANALYSIS**

### II.  Standard

"Federal Rule of Civil Procedure 15(a)(2) dictates that courts should freely give leave [to amend] when justice so requires." *Vines v. Wyatt Energy Res., LLC*, No. 5:20-CV-115-DCB-MTP, 2020 WL 8922791, at *1 (S.D. Miss. June 25, 2020). The language "evinces a bias in favor of granting leave to amend." *Id*. (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)) (citation omitted). "The Supreme Court delineates five factors for a court to consider when deciding whether leave to amend a complaint should be granted: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Id*. (citing *Rozenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citations omitted).

"Though leave to amend should be freely given when justice so requires, a grant of leave in not automatic." *Gonzalez v. Gillis*, No. 5:20-CV-104-DCB-MTP, 2021 WL 2906067, at *6 (S.D. Miss. May 20, 2021), report and recommendation adopted, No. 5:20-CV-104-DCB-MTP, 2021 WL 2907888 (S.D. Miss. July 9, 2021) (citation omitted). "Leave may be denied for valid reasons." *Id*. "For example, courts need not grant leave to file a futile amended complaint." *Id*. (citing *Avatat Exploration, Inc. v. Chevron*, U.S.A., Inc., 933 F.2d 314, 321 (5th Cir. 1991)). "An amendment is

futile if the 'amended complaint would fail to state a claim upon which relief could be granted.'" *Id.* (quoting *Stripling v. Jordan Production Co., Inc.*, 234 F.3d 863, 873 (5th Cir. 2000). "To determine whether the amended complaint is futile, the court should apply 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" *Collins v. Hood*, No. 1:16-CV-00007-GHD-DAS, 2018 WL 1055526, at *2 (N.D. Miss. Feb. 26, 2018) (quoting *Stripling*, 234 F.3d at 873).

"When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint." *Id.* (quoting *Walker v. Webco Indus., Inc.*, 562 Fed.Appx. 215, 216–17 (5th Cir. 2014) (per curiam) (citation omitted). "A plaintiff's complaint therefore must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) (internal quotation marks and brackets omitted) (citations omitted). "A claim is facially plausible when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Id.* (citations omitted). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Id.* (citations omitted).

### a. Motion to Amend Complaint [5]

On June 2, 2022, Plaintiff filed a Motion to Amend Complaint [5], seeking to add defendants Deputy Craig King, Deputy Shannon Fuqua and Concordia Parish, Louisiana. As grounds for the amendment, Plaintiff details events that allegedly occurred on May 11, 2022 in Concordia Parish, Louisiana. Doc. [5] at 1. Plaintiff alleges he was involved in a traffic stop, conducted by Concordia Parish Sheriff's Deputies Craig King and Shannon Fuqua, that resulted in his arrest for possession of a firearm. *Id*. at 1-2. Plaintiff claims the deputies searched his vehicle and recovered a firearm. He also claims his personal property[1] was stolen from his vehicle while it was being searched. *Id*. at 2. Even more, he alleges the Concordia Parish Sheriff's deputies performed the stop "in retaliation to and obstructing justice to case number 5:22-cv-00027-DCB-LGI" (the instant case). *Id*. at 2. Plaintiff notes there is history between he and the deputies, and he claims Deputy King, Deputy Fuqua and Concordia Parish, Louisiana "have acted in joint participation with [Defendant] Adams County Mississippi, et al. to prevent [him] from testifying to a United States judge, magistrate judge, or a law enforcement officer, [regarding] the circumstances surrounding [the instant case]," in violation of 18 U.S.C. 1512 and 1513. *Id*. He also lists eight (8) cases that he previously brought against various Adams County agencies and various individual employees of the agencies. *Id*.[2] He moves this Court to review these closed civil cases

---

[1] Plaintiff alleges $6040.00 in cash was stolen, along with the keyless remote to the vehicle, a flash drive, a pocketknife and a pair of Bluetooth earbuds. Doc. [5] at 2.

[2] *See Mills v. Adams County Sheriff Dept. et al*, 5:17-cv-00110-DCB-MTP (case closed by Order [129], dated July 8, 2020, granting summary judgment in favor of defendants); *Mills v. Searcy, Jr.*, 5:17-cv-00127-KS-MTP (case closed by Order of Dismissal [32], dated July 27, 2018, granting plaintiff's request to voluntarily dismiss the case); *Mills v. Adams County Sheriff Dept. et al,* 5:17-cv-00131-DCB-MTP (case closed by Order [18], dated July 26, 2018, granting plaintiff's request to voluntarily dismiss the case); *Mills v. Adams County Sheriff Dept. et al*, 5:17-cv-00135-KS-MTP (case closed by Order [42], dated September 24, 2019, adopting the Report and Recommendation of the United States Magistrate Judge and granting summary judgment in favor of defendants); *Mills v. Adams County Metro Narcotics et al*, 5:17-cv-00138-DCB-MTP (case closed by Order [36], dated August 10, 2018, granting plaintiff's request to voluntarily dismiss the case); *Mills v. Adams County Board of Supervisors*, 5:18-cv-00015-DCB-MTP (case closed by Order [78], dated March 4, 2020, adopting the Report and Recommendation of the United States Magistrate Judge, denying plaintiff's motion to withdraw affidavits and granting summary judgment in favor of defendants); *Mills v. Adams County MS et al*, 5:18-cv-00024-KS-MTP (case closed by Order [51], dated September 30, 2019,

and the alleged constitutional violations therein "and punish the ones responsible while awarding [him] punitive damages in the amount of $500,000 in Adams County Mississippi and $500,000 in Concordia Parish, Louisiana to deter any future violations of Constitutional rights of interracial minority group citizens." *Id*.

Plaintiff seeks to amend this action against Adams County, Mississippi, Danny Bertrand and Adams County Chancery Clerk to add as defendants Concordia Parish, Louisiana and two of its sheriff's deputies. Plaintiff alleges vicarious liability and cites as authority 18 U.S.C. §§ 1512 and 1513 – the statutes governing witness tampering and retaliating against a witness. He claims the Louisiana traffic stop was conducted to prevent him from testifying regarding the instant case. Yet, he fails to allege any facts to support this claim.

Per his Complaint, the alleged events giving rise to the instant action occurred on or about March 18, 2022 and March 22, 2022. Plaintiff explicitly alleges that on or around those dates, Adams County denied him access to courts by refusing to take a report that he was threatened by Defendant Danny Bertrand, that he was retaliated against, and that he was the subject of identity theft. *See* Doc. [1] at 4. Plaintiff provides no factual relationship between his claims against these Defendants and the potential Louisiana defendants. Also, he raises no allegations that either of the deputies referenced his pending case against Adams County during the traffic stop in Louisiana, on May 3, 2022. Further, the Plaintiff makes no showing that the Louisiana law enforcement

---

adopting the Report and Recommendation of the United States Magistrate Judge and granting summary judgment in favor of defendants; plaintiff's appeal was also dismissed for lack of jurisdiction, *see* Doc. [57]); *Mills v. Adams County, Mississippi et al*, 5:20-cv-00084-DCB-MTP (case closed by Order [28], dated June 29, 2021, finding that plaintiff failed to prosecute the case and granting defendants' motion for judgment on the pleadings). Notably, a review of the Southern District Court's electronic case filing system reveals that Mills has been a plaintiff in one additional civil case that he did not list in his motion. *See also Mills v. Sanders*, 5:18-cv-00023-KS-MTP, (cased closed by Order [12] and Final Judgment [13], dismissing Mills's Petition for Writ of Habeas Corpus, wherein Mills asked the court to "stop the state court judge from making me be criminally insane and sending me to an insane asylum." *Id*. (citation omitted). In its Order [12], the Court noted that Mills alleged he was innocent of the pertinent criminal charges and was being prosecuted in retaliation for his claims against an Adams County Sheriff's deputy, amongst other claims).

agency or its deputies has any authority or direct connection to Adams County, Mississippi that would hinder Plaintiff's pending case. Plaintiff admits that he has a history with the Louisiana deputies, but he provides no further information that would allow this Court to conclude that the Louisiana traffic stop was conducted to thwart his testimony in the instant case. There is simply no inference that can drawn from the Plaintiff's allegations to support granting Plaintiff's motion to amend his Complaint to add the Louisiana defendants.

As such, the undersigned finds that the Plaintiff's claim is not facially plausible, as he has failed to allege facts that support the elements of either 18 U.S.C. §§1512 or 1513, which are needed to make out a valid claim. The undersigned finds that the proposed amendment is futile, as it fails to state a claim upon which relief could be granted. Therefore, the undersigned recommends that this Court deny Plaintiff's Motion to Amend [5].

b. **Motion to Amend Complaint [6]**

On June 10, 2022, Plaintiff filed a second Motion to Amend Complaint [6], seeking to add Walmart (Store 874) as a defendant to this action. Plaintiff alleges that on June 5, 2022, he was terminated from his employment with Walmart, in retaliation to case No. 5:22-cv-00027-DCB-LGI (the instant case). Doc. [6] at 1. He claims "certain Walmart associates have acted in joint participation with Adams County[,] Mississippi, a vicarious liability, to intentionally deter the Plaintiff from litigating" the instant case. *Id*. He alleges that "numerous associates of the 99% black[-]managed and operated store are family and close friends to the Defendant in Plaintiff's cases. The Plaintiff is a white/Caucasian male which is a minority employee at store No. 0874." Plaintiff asks that this Court "recognize the constitutional injuries and add Walmart Store 0874 as a defendant."

Yet again, Plaintiff fails to allege sufficient facts to state a claim to relief that is plausible

on its face. As to the amendment sought, Plaintiff has failed to raise any right to relief against Walmart (874). Although the Plaintiff claims that "numerous associates of the . . . store[] are family and close friends to the Defendant in [his] cases," he fails to identify specific "associates" or employees, and he fails to establish how any of these alleged relationships led to his termination from Walmart (874). Moreover, the undersigned notes that Plaintiff appears to raise a racial discrimination claim, by specifying that he "is a minority employee at store no 0874," as he "is a white/Caucasian male" in the "99% black managed and operated store." *See* Doc. [6] at 1-2. However, he fails to plead any factual content that allows the court to draw the reasonable inference that this potential defendant is liable for the misconduct alleged. Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim. In this instance, the Plaintiff's claims are speculative at best, and therefore not plausible. Plaintiff fails to state a claim upon which relief could be granted, and this Court need not grant leave to file a futile amended complaint. Therefore, the undersigned recommends that this Court deny Plaintiff's Motion to Amend [6].

## RECOMMENDATION

It is recommended that Plaintiff's Motions to Amend [5], [6] be DENIED as futile.

## NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. § 636(b)(1), any party may serve and file written objections to the proposed findings and recommendations within fourteen days after being served a copy of this recommendation. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, except under grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

**SO ORDERED**, this the 26th day of January, 2023.

       /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE