```
            IN THE UNITED STATES DISTRICT COURT FOR
              THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION
```

ANTHONY MILLS                                                PLAINTIFF

v.                           CIVIL ACTION NO. 5:22-cv-00027-DCB-LGI

ADAMS COUNTY, MISSISSIPPI,
DANNY BERTRAND,
and ADAMS COUNTY CHANCERY CLERK                             DEFENDANTS

ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge LaKeysha Greer Isaac [ECF No. 7] ("R&R"), which addresses two Motions to Amend Complaint [ECF Nos. 5 & 6] filed by the plaintiff, Anthony Mills ("Plaintiff"). The R&R recommends that the motions be denied on grounds of futility and failure to state a claim upon which relief can be granted.  [ECF No. 7] at 6-7.  Plaintiff filed no objections to the R&R, and the deadline for doing so has expired.  The named defendants in this action have not been served and have made no appearances.[1]  Where no party objects to the magistrate judge's

---

[1] Under Federal Rule of Civil Procedure 15(a), a party can amend its pleading once, without leave of court, within:

    **(A)** 21 days after serving it, or

1

report and recommendation and the report contains a warning (as this one does)[2] about the consequences of failing to object, the Court is not required to perform a *de novo* review of the magistrate judge's determination.  In such cases, the standard of review is whether the report and recommendation is clearly erroneous or contrary to law.  Quinn v. Guerrero, 863 F.3d 353, 358 (5th Cir. 2017)  (" … a party is not entitled *de novo* review after failing to file written objections to the magistrate judge's R&R within a certain period of time."); Magdalena Garcia v. Sessions, No. 1:18-CV-59, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7, 2018) ("Where no party objects to the Magistrate Judge's Report and  Recommendation, the Court … need only review it to

---

> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).

It appears from the docket sheet in this case that, to date, Plaintiff has not served his complaint on any defendant.  Leave of court is therefore required for both of Plaintiff's Motions to Amend Complaint.

---

[2] The R&R provided the parties with notice of the right to object and the time deadline for doing so.  It also warned the parties of the consequences that result from a failure to object.  [ECF No. 7] at 7-8; see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

decide whether the Report and Recommendation is clearly erroneous or contrary to law.").

Having carefully reviewed the R&R, Plaintiff's submissions, and applicable law, the Court finds no clear error and will adopt the R&R as the findings and conclusions of this Court.

The Court further notes that the docket sheet indicates no summonses having been issued and no appearances having been made by any named defendant. Federal Rule of Civil Procedure 4(m) provides:

> **(m) Time Limit for Service**. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m).

The complaint [ECF No. 1] in this matter was filed on April 13, 2022. More than 90 days have elapsed since the complaint was filed. Therefore, this matter will be dismissed without prejudice under Rule 4(m), unless Plaintiff: (1) serves the named defendants within 30 days of the date of this Order, or (2) shows the Court good cause for his failure to do so prior to

the expiration of such 30-day deadline.  If Plaintiff succeeds in showing good cause, the Court will extend the time for service for an appropriate period, as determined by the Court.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge LaKeysha Greer Isaac's Report and Recommendation [ECF No. 7] is ADOPTED as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint [ECF No. 5] and his Motion to Amend Complaint [ECF No. 6] are both DENIED.

IT IS FURTHER ORDERED that this matter will be dismissed without prejudice under Federal Rule of Civil Procedure 4(m), unless Plaintiff: (1) serves the named defendants within 30 days of the date of this Order, or (2) shows the Court good cause for his failure to do so prior to the expiration of such 30-day deadline.  Upon a showing of good cause, satisfactory to the Court, the time for service will be extended for an appropriate time, as determined by the Court.

SO ORDERED, this the 23rd day of February 2023.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE